UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARIA CRUZ, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | No. 3:11-cv-01985-M |
| ONEWEST BANK, FSB AND § | |
| FEDERAL NATIONAL MORTGAGE § | |
| ASSOCIATION, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion for Summary Judgment filed by Defendants OneWest Bank, FSB ("OWB") and Federal National Mortgage Association ("Fannie Mae") [Docket Entry #11]. For the reasons stated below, the Motion is **GRANTED**.

I.     BACKGROUND

On October 31, 2006, Plaintiff obtained a loan in the amount of $94,400.00 (the "Loan") from Southwest Funding L.P. ("SWF") for the purpose of purchasing real property located at 10323 Black Walnut Drive, Dallas, Texas 75243 (the "Property"). In return for the Loan, Plaintiff executed a promissory note in the original principal amount of $94,400.00 (the "Note"), made payable to SWF. (Defs.' Ex. A-1.)  The Note was secured by a Deed of Trust, dated October 31, 2006 and executed by Plaintiff, which conveyed a security interest in the Property to Kelly Rule, as Trustee for the benefit of Mortgage Electronic Registration Systems, Inc. ("MERS"), as the Nominee for SWF. (Defs.' Ex. A-2.)  The Note and the Deed of Trust were

subsequently assigned to OWB, effective on August 26, 2010.[1] (Defs.' Ex. A-3.)

On August 17, 2010, IndyMac Mortgage Services, a Division of OWB and servicer of the Loan, notified Plaintiff, by letter, that she was in default. The letter stated the amount to be paid by Plaintiff to IndyMac Mortgage Services to cure her default and the date by which such payment was to be made. (Defs.' Ex. A-4.) The letter warned that if Plaintiff did not cure the default, IndyMac Mortgage Services would accelerate the Note and initiate foreclosure proceedings. (*Id.*) On January 18, 2011, Plaintiff filed a "Petition for a Verification of Debt" in the 134th Judicial District Court of Dallas County, Texas. (Defs.' Notice of Removal, Ex. B-2.) On April 11, 2011, OWB, through its attorneys, mailed to Plaintiff a Notice of Acceleration and Notice of Substitute Trustee's Sale. (Defs.' Ex. A-5.) On May 3, 2011, the Substitute Trustees conducted a non-judicial foreclosure sale of the Property and sold the Property to Fannie Mae. (Defs.' Ex. A-6.).

On June 14, 2011, Plaintiff filed an Amended Petition in state court, alleging that because the Note and Deed of Trust were not lawfully endorsed, transferred, and assigned to OWB, OWB did not have the standing or legal right to foreclose on the Property, so that Fannie Mae could not lawfully acquire the Property. (Pl.'s First Am. Pet. 3.) Plaintiff further asserts an action for trespass to try title, to remove cloud on title and to quiet title, and requests the Court set aside the foreclosure sale and cancel the Substitute Trustee's Deed. Plaintiff also claims violations of the Texas Debt Collection Act (the "TDCA"). On August 10, 2011, Defendants removed the case to this Court. On March 9, 2012, Defendants moved for summary judgment as to all of Plaintiff's claims. Plaintiff did not respond.

---

[1] Although effective August 26, 2010, the Assignment of Mortgage was not signed until November 17, 2010. (Defs.' Ex. A-3.)

## II.     LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). If a reasonable jury could return a verdict for the non-moving party, then there is a genuine dispute of material fact. *Gates v. Tex. Dep't of Protective & Regulatory Servs.*, 537 F.3d 404, 417 (5th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lynch Props., Inc. v. Potomac Ins. Co.,* 140 F.3d 622, 625 (5th Cir. 1998). Once the movant carries its initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate, by designating specific facts beyond the pleadings that prove the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Anderson*, 477 U.S. at 250; *Fields v. City of S. Houston, Tex.*, 922 F.2d 1183, 1187 (5th Cir. 1991). In determining whether a genuine dispute of material fact exists, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch Props.*, 140 F.3d at 625 (citation omitted).

## III.     ANALYSIS

### A.     Standing

As a threshold matter, Plaintiff asserts that because the Note and Deed of Trust were not lawfully endorsed, transferred, and assigned to OWB, OWB did not have the standing or legal right to foreclose on the Property. The undisputed evidence establishes that MERS sold, assigned, transferred, and conveyed the Note and Deed of Trust to OWB, effective August 26, 2010. (Defs.' Ex. A-3.) Accordingly, OWB was the lawful holder of the Note and Deed of

Trust at all times relevant to the foreclosure of the Property and thus had the legal authority to foreclose on the Property.

B.   Trespass to Try Title and to Remove Cloud and Quiet Title

Plaintiff claims, under Texas Property Code § 22.001, and under common law, for trespass to try title and to remove cloud and quiet title, asserting that she is the lawful owner of the Property.  In order to succeed on this claim, Plaintiff must prove and recover on the strength of her own title, not upon the weakness of the Defendant's,  i.e., Plaintiff must provide to the Court the chain of instruments establishing the validity of her title.  *See Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.) (stating the primary requisite in a suit to quiet title is that plaintiff must prove the strength of his title); *Hunt v. Heaton*, 643 S.W.2d 677, 679 (Tex. 1983) (stating that plaintiff must prove strength of own title in trespass to try title action).  The undisputed evidence demonstrates that Plaintiff's title was subject to OWB's lien at the time of foreclosure.  Accordingly, Defendants are entitled to summary judgment on this claim.

C.   Wrongful Foreclosure

Plaintiff requests the Court to set aside the foreclosure sale and cancel the foreclosure deed.  "The elements of a wrongful foreclosure claim are: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi-Edinburg 2008, no pet.)  Plaintiff provided no evidence that the foreclosure sale proceeding was defective, the selling price was grossly inadequate, or any causal connection between the alleged defect and a grossly inadequate sales price.  Accordingly, Defendants are entitled to summary judgment on this claim.

D.  Violations of the TDCA

Plaintiff asserts that OWB misrepresented the character, extent, or amount of a debt against Plaintiff, a consumer, in violation of the TDCA. However, Plaintiff produced no evidence to establish that OWB violated any provisions of the TDCA. Accordingly, Defendants are entitled to summary judgment on this claim.

E.  Declaratory Judgment

Plaintiff brings a declaratory judgment action under Chapter 37 of the Texas Civil Practices and Remedies Code, i.e., the Texas Declaratory Judgment Act (the "DJA") for construction of the Note and the Deed of Trust. The DJA does not apply in federal court. *See Camacho Re v. Tex. Workforce Comm'n*, 445 F.3d 407, 409 (5th Cir. 2006) (stating that the DJA is procedural for *Erie* purposes); *Rhodes v. Prince*, No. 3:05-CV-2343-D, 2006 WL 954023, at *4 (N.D. Tex. Apr. 11, 2006) (stating that the Court cannot award relief pursuant to the DJA, because declaratory judgment is procedural, not substantive, and federal courts apply their own procedural rules). However, the Court will treat Plaintiff's suit as alleging a claim under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202,[2] but for the reasons stated above, she asserts no substantive claims supporting it, so summary judgment on such claims is also appropriate.

F.  Injunctive Relief

As stated by the Supreme Court, "the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). The undisputed evidence establishes that OWB was

---

[2] *Bell v. Bank of Am. Home Loan Servicing*, No. 4:11-CV-02085, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012) (stating that when a declaratory judgment action is filed in state court and subsequently removed to federal court, it is converted to one brought under the federal Declaratory Judgment Act).

the holder of the Note and Deed of Trust at the time of the foreclosure and had the legal authority to foreclose. Therefore, Plaintiff is not entitled to injunctive relief.

IV. CONCLUSION

Defendants are entitled to summary judgment as to all of Plaintiff's claims.

**SO ORDERED**.

May 15, 2012.

_____
**BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS**